```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jonathan S. Berger,

                         **Plaintiff,**

-against-

The Department of Defense,

                         **Defendant.**

1:24-cv-07450 (JHR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

       Pending before the Court are a "Joint Motion to Discover and Subpoena Privileged Information and Documents," which was filed by Plaintiff on January 31, 2025 (Pl.'s 1/31/25 Mot., ECF No. 41), and Defendant's Letter Motion requesting that Plaintiff's motion be denied or, in the alternative, that discovery be stayed pending resolution of Defendant's motion to dismiss. (Def.'s 2/18/25 Mot., ECF No. 49.) For the reasons set forth below, Plaintiff's motion is DENIED WITHOUT PREJUDICE and Defendant's motion is GRANTED IN PART and DENIED IN PART.

**LEGAL STANDARDS**

       Under Rule 26(c) of the Federal Rules of Civil Procedure, a court for "good cause" may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Id*. (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011)). "To establish good cause

under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id*. (quoting *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Republic of Turkey*, 316 F. Supp. 3d at 677. "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id*. (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co.*, No. 13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).

"[T]he Federal Rules entrust the Court with the discretion to determine if a stay is warranted." *Short v. City of Rochester*, No. 22-CV-06263 (EAW) (MJP), 2024 WL 4002449, at *2 (W.D.N.Y. Aug. 30, 2024) (citing *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022)).

## DISCUSSION

The Court, in its discretion, finds that discovery in this action should be stayed due to the lack of merit of Plaintiff's Complaint. As set forth in the Report and Recommendation filed today in this action, the Court has recommended that this action be dismissed as frivolous. In these circumstances, Plaintiff is not entitled to any discovery. *See* 6 *Moore's Federal Practice* § 26.105[3][c], at 26-536 (3d ed. 2020) ("a stay of discovery is appropriate when the [dispositive] motion appears to have substantial grounds").

In the event, that this Court's recommendation is not adopted and this action continues, Plaintiff may renew his request for discovery. Accordingly, Plaintiff's motion for discovery is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED WITHOUT PREJUDICE and Defendant's motion is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that discovery in this action is stayed pending resolution of Defendant's motion to dismiss.

**SO ORDERED.**

Dated:   New York, New York
         March 5, 2025

_____
STEWART D. AARON
United States Magistrate Judge