UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN S. BERGER, | |
| Plaintiff, | 24 Civ. 07450 (JHR) (SDA) |
| -v.- | ORDER ADOPTING REPORT AND RECOMENDATION |
| THE DEPARTMENT OF DEFENSE, | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Jonathan Berger, acting *pro se*, brought this action on September 27, 2024 against the Department of Defense. The Court referred the case to Magistrate Judge Stewart D. Aaron for general pretrial supervision and for reports and recommendations on dispositive motions.[1] *See* ECF No. 30. On February 18, 2025, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Department of Defense moved to dismiss the Complaint. ECF No. 46. Plaintiff opposed the motion on February 20, 2025, ECF No. 22, and Defendant replied in further support of its motion on March 3, 2025, ECF No. 54. Judge Aaron issued an eight-page Report and Recommendation on March 6, 2025, which recommends that the Court grant Defendant's motion to dismiss and that this action be dismissed with prejudice. ECF No. 56 (R&R) at 8. Before the Court are Judge Aaron's Report and Recommendation, Plaintiff's objections, ECF No. 58, and Defendant's responses, ECF No. 59. For the reasons stated below, the Court adopts the Report and Recommendation in full.

## BACKGROUND

As Judge Aaron observed, "it is difficult to discern the precise claims Berger is asserting in this case." R&R at 2. Plaintiff alleges, *inter alia*, "damages caused to [him] by [the Department

---

[1] The Court assumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1-3, and therefore does not fully recount them here.

of Defense's] national security policy;" that he "is seeking a payment of monetary relief of an undetermined amount in the form of a punitive or reparative ruling for the mismanagement of the pursuit of a weapon of mass destruction;" that "the mismanagement [of national security policy] has damaged [him];" that he "is litigating for damages caused to him by national security policy throughout his life, from 4 to 43 years old, including the mismanagement of the application of [t]he Treaty [between the United States and the Cosa Nostra (also referred to as the Mafia)];" that he "has been drugged by [t]he Mafia;" that he "was not given good-faith medical treatment" at various hospitals and medical facilities; that the "United States contracted, paid, and indemnified medical providers to deny [him] good-faith healthcare;" that he "should be paid monetary relief for all contracted medical malpractice in breach of [t]he Treaty [between the United States and the Mafia];" that he "was infected by [t]he Mafia with a curable, rare sexually transmitted disease as a result of a conspiracy;" that "national security policy involving appeasement is preventing good faith dental care;" that he "is a civilian who was harmed by a national security conflict;" and that he "is seeking punitive and reparative monetary relief for [t]he United States' role [in] [him] being drugged to have a temporary delusional disorder." ECF No. 1 (Compl.) at 8-11, 14, 21-23, 26, 28-29, 34.

## LEGAL STANDARDS

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). But "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.

*Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (same); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

"*Pro se* parties" who make objections "are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (internal citation omitted).

### DISCUSSION

The Court has carefully reviewed Plaintiff's objections to Judge Aaron's Report and Recommendation. Among other things, Plaintiff objects that it "is a grave mistake to dismiss [this case] with prejudice" due to "serious national implications." ECF No. 58 at 3. He further asserts that his "claims about The Mafia are supported and are not fantastic," and the "general notion of The United States of America entering into agreements with gangs is not delusional, but rather a standard part of policy for sophisticated gangs." *Id.* at 4. Plaintiff goes on to state that "[i]nduced dreams, mind control, and hallucinations are tactics used by The Mafia," "the testimony . . . demonstrates the Plaintiff has reasonable understanding of the subject matter," and

the case "should not be dismissed with prejudice because the case is an extension of a previously substantiated case that the Plaintiff is prevented from having access to." *Id.* at 5.

Despite "constru[ing] [Plaintiff's] objections liberally," *Knowles v. Saint Barnabas Hospital*, No. 21 Civ. 2569 (GHW), 2021 WL 4865182, at *1 (S.D.N.Y. Oct. 15, 2021) (quoting *Brown v. Perez*, No. 13-CV-4615, 2014 WL 5343309, at *1 (S.D.N.Y. Oct. 21, 2014)), the Court finds the objections "not specific or aimed at any particular findings in Judge [Aaron's] proposal." *Id*. "Such objections warrant only clear error review." *Id.; see also Oparaji*, 2025 WL 1901297, at *2 (upholding district court's clear error review of a report and recommendation because *pro se* plaintiff "did not properly object"). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). The Court is not left with that conviction here; to the contrary, Judge Aaron's Report and Recommendation is "thoughtful and accurate." *Knowles*, 2021 WL 4865182 at *1.

The Court has carefully reviewed the motion to dismiss, the Report and Recommendation, Plaintiff's objections, and Defendant's response and concludes that the Report and Recommendation is "well-reasoned and grounded in fact and law." *See Kumar v. United States of America*, No. 22 Civ. 5533 (JGLC), 2025 WL 1194376, at *2 (S.D.N.Y. Apr. 22, 2025) (adopting report and recommendation following review for "clear error" in light of finding that *pro se* plaintiff "ma[de] only conclusory or general objections").

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety, including Judge Aaron's conclusion that the "problem with [Plaintiff's] complaint is substantive [and] better pleading will not cure it." R&R at 6. The Complaint is dismissed with prejudice pursuant to Rule 12(b)(6).

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 30, 2025
New York, New York

                                        JENNIFER H. REARDEN
                                        United States District Judge